IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN RAMSAY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0063-WS-N |
| | ) |
| GLOBAL DIGITAL SOLUTIONS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

# ORDER

This matter comes before the Court on Plaintiffs' Motion for Entry of Default [Against] Defendant Richard J. Sullivan (doc. 11). That Motion, which was filed on May 25, 2017, reflected that defendant Sullivan had been served with process on April 18, 2017, but had failed to plead or otherwise defend against the Complaint within 21 days thereafter, such that entry of default was appropriate pursuant to Rule 55(a), Fed.R.Civ.P.

On June 12, 2017, antecedent to any ruling on such Motion for Entry of Default, defendants collectively filed their Answer to Complaint (doc. 12).[1] On its face, this Answer purports to have been filed by "Defendants, Global Digital Solutions, Inc. ('GDSI'), North American Custom Specialty Vehicles, Inc. ('NACSV') and Richard J. Sullivan ('Sullivan')." (*Id.* at 1.) Moreover, the attorney filing such Answer purports to represent GDSI, NACSV and Sullivan collectively in these proceedings. (*Id.* at 9.) In light of the foregoing, then, the court file confirms that Sullivan has now filed an Answer, albeit in belated fashion.

As a general proposition, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Indeed, "[d]efaults are reserved for rare occasions and when doubt

---

[1] That filing is styled "Defendants' Answer to Complaint and NACSV's Counterclaim." However, no Counterclaim by defendant North American Custom Specialty Vehicles, Inc., or any other defendant for that matter, is set forth therein.

exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Canfield v. VSH Restaurant Corp.*, 162 F.R.D. 431, 434 (N.D.N.Y. 1995); *see also McGarey v. York County*, 233 F.R.D. 220, 222 (D. Me. 2006) (rule governing defaults "is tempered by the philosophy that actions should ordinarily be resolved on their merits") (citation omitted); *McMillen v. J.C. Penney Co.*, 205 F.R.D. 557, 558 (D. Nev. 2002) ("Because defaults are generally disfavored, courts resolve such motions so as to encourage a decision on the merits."). Given the strong policy in federal court for actions to be decided on their merits, and given that defendant Sullivan has now filed an answer and appears to be prepared to defend against this action on the merits, entry of default against Sullivan would be an excessive and unduly onerous sanction, notwithstanding his delinquent filing of an Answer and his failure to offer any justification for his dilatory conduct. Accordingly, plaintiffs' Motion for Entry of Default is **denied** at this time.

DONE and ORDERED this 13th day of June, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE